FILED
2010 Jul-29  AM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION


WILLIAM JOHNSON, ANNIE PEARL          *
LEFTWICH, BOBBIE MORGAN, DONALD       *
MEANS, ERNEST EDMONDS, FAIRY          *
GORDON, IRIS SERMON, JOHNNY BUTLER,   *
MERJEAN LITTLE, MOSES JONES, VASSIE   *
BROWN, WILLIE MAE REEVES, BEVERLY     *
GORDON, JOHNNY B. MORROW, FANNIE      *
ISHMAN, LESLIE CHEATEM, MARGIE        *
JAMES, BOBBY SINGLETON, A. J.         *
MCCAMBELL, JOHNNY FORD, LOUIS         *
MAXWELL, MARY RUTH WOODS, LISA M.     *
WARE, CLARA P. GRIMMETT, CHARLES      *
CHAMBLISS, JOHNNIE B. HARRISON, G.    *
DYANN ROBINSON, SHIRLEY W. CURRY,     *
SARAH STRINGER, MILES D. ROBINSON, and *
WILLIE LEE PATTERSON, individually and on *
behalf of others similarly situated,  *
                                      *
        Plaintiffs,                   *
                                      *
                                      *   Civil Action No.
v.                                    *   _____
                                      *
BOB RILEY, individually and in his official *
capacity as Governor of Alabama, and JOHN M. *
TYSON, JR., individually and in his official *
capacity as special prosecutor and task force *
commander of the Governor's Task Force on *
Illegal Gaming,                       *
                                      *
        Defendants.                   *


**COMPLAINT**

1.  This is an action to enjoin violations of Section 5 of the Voting Rights
Act of 1965, as amended, 42 U.S.C. § 1973c; Section 2 of the Voting Rights Act of
1965, as amended, 42 U.S.C. § 1973; the Ku Klux Klan Act, 42 U.S.C. § 1985(3),
and the Thirteenth, Fourteenth and Fifteenth Amendments to the Constitution of
the United States.  Pursuant to 42 U.S.C. §§ 1973c, 1973j, 1973l, 1983, and 1988,
this Court has jurisdiction to afford plaintiffs the judicial relief they seek for
violation of their rights protected by the aforesaid statutory and constitutional
provisions.

2.  This action is necessary because defendants Riley and Tyson have
implemented policies and practices that effectively nullify the votes of the electoral
majorities in Greene and Macon Counties who approved local amendments to the
Alabama Constitution establishing lawful regimes in their respective counties for
electronic bingo operations and providing for the method of their enforcement,
without first obtaining preclearance of said changes in standards, practices, and
procedures affecting voting, in violation of 42 U.S.C. § 1973c, and because
defendants' "Gambling Task Force" has sent large numbers of state troopers on the
highways and premises of the residents of Greene and Macon Counties for the
purpose of threatening and intimidating plaintiffs, and for the purpose of
preventing or hindering the law enforcement authorities established by said local

state constitutional amendments from giving or securing to all persons within Alabama the equal protection of the laws, in violation of 42 U.S.C. § 1985(3).

## Venue

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to these claims has occurred in this district.

## Parties

4.  Plaintiff William Johnson is an African-American citizen of the United States and a registered voter in Greene County.  Mr. Johnson is President of the Greene County Commission.

5.  Plaintiff Annie Pearl Leftwich is an African-American citizen of the United States and a registered voter in Greene County.

6.  Plaintiff Bobbie Morgan is an African-American citizen of the United States and a registered voter in Greene County.  Ms. Morgan is a member of the Greene County Board of Education.

7.  Plaintiff Donald Means is an African-American citizen of the United States and a registered voter in Greene County.  Mr. Means is a member of the Greene County Commission.

8.  Plaintiff Ernest Edmonds is an African-American citizen of the United

States and a registered voter in Greene County.

9.  Plaintiff Fairy Gordon is an African-American citizen of the United States and a registered voter in Greene County.  Ms. Gordon has children or grandchildren in the Greene County public schools.

10.  Plaintiff Iris Sermon is an African-American citizen of the United States and a registered voter in Greene County.

11.  Plaintiff Johnny Butler is an African-American citizen of the United States and a registered voter in Greene County.

12.  Plaintiff Merjean Little is an African-American citizen of the United States and a registered voter in Greene County.  Ms. Little is a shareholder and employee of Greenetrack.

13.  Plaintiff Moses Jones is an African-American citizen of the United States and a registered voter in Greene County.

14.  Plaintiff Vassie Brown is an African-American citizen of the United States and a registered voter in Greene County.

15.  Plaintiff Willie Mae Reeves is an African-American citizen of the United States and a registered voter in Greene County.  Ms. Reeves is a shareholder and employee of Greenetrack.

16.  Plaintiff Beverly Gordon is an African-American citizen of the United

States and a registered voter in Greene County.  Ms. Gordon is a shareholder and employee of Greenetrack.

17.  Plaintiff Johnny B. Morrow is an African-American citizen of the United States and a registered voter in Greene County.

18.  Plaintiff Fannie Ishman is an African-American citizen of the United States and a registered voter in Greene County.

19.  Plaintiff Leslie Cheatem is an African-American citizen of the United States and a registered voter in Greene County.

20.  Plaintiff Margie James is an African-American citizen of the United States and a registered voter in Greene County.

21.  Plaintiff Bobby Singleton is an African-American citizen of the United States and a registered voter in Hale County.  Mr. Singleton represents District 24, which includes Greene County, in the Alabama Senate.

22.  Plaintiff A. J. McCambell is an African-American citizen of the United States and a registered voter in Greene County.  Mr. McCambell represents District 71, which includes Greene County, in the Alabama House of Representatives.

23.  Plaintiff Johnny Ford is an African-American citizen of the United States and a registered voter in Macon County.  Mr. Ford represented Macon County in the Alabama House of Representatives in 2003 and was the sponsor of

the bill that became Amendment 744 to the Alabama Constitution.

24.  Plaintiff Louis Maxwell is an African-American citizen of the United States and a registered voter in Macon County.  Mr. Maxwell is Chair of the Macon County Commission.

25.  Plaintiff Mary Ruth Woods is an African-American citizen of the United States and a registered voter in Macon County.  Ms. Woods is an employee of Victoryland and has grandchildren in the Macon County public schools.

26.  Plaintiff Lisa M. Ware is an African-American citizen of the United States and a registered voter in Macon County.  Ms. Ware is an employee of Victoryland and has children in the Macon County public schools.

27.  Plaintiff Clara P. Grimmett is an African-American citizen of the United States and a registered voter in Macon County.

28.  Plaintiff Charles Chambliss is an African-American citizen of the United States and a registered voter in Macon County.

29.  Plaintiff Johnnie B. Harrison is an African-American citizen of the United States and a registered voter in Macon County.

30.  Plaintiff G. Dyann Robinson is an African-American citizen of the United States and a registered voter in Macon County.

31.  Plaintiff Shirley W. Curry is an African-American citizen of the United

States and a registered voter in Macon County.  Ms. Curry has grandchildren in the Macon County public schools.

32.  Plaintiff Sarah Stringer is an African-American citizen of the United States and a registered voter in Macon County.

33.  Plaintiff Miles D. Robinson is an African-American citizen of the United States and a registered voter in Macon County.  Mr. Robinson is a member of the Macon County Commission.

34.  Plaintiff Willie Lee Patterson is an African-American citizen of the United States and a registered voter in Macon County.  Ms. Patterson is an employee of Victoryland.

35.  Defendant Bob Riley is sued in his individual capacity and in his capacity as Governor of Alabama.

36.  Defendant John M. Tyson, Jr., is sued in his individual capacity and in his capacity as special prosecutor and task force commander of the Governor's Task Force on Illegal Gaming.

## Class Allegations

37.  Plaintiffs allege that they satisfy the requirements of Rule 23(a) and Rule 23(b)(2), Fed.R.Civ.P.  They ask the Court to certify them as representatives of the plaintiff class of all residents and qualified voters of Greene and Macon

Counties who are injured by the statutory and constitutional violations alleged in this complaint.

**Facts**

38.  Since 1980, voters in 16 Alabama counties have approved local constitutional amendments that authorize the operation of bingo within their jurisdictions.  Ala. Const. Amendments 386 and 600 (Jefferson), 387 (Madison), 413 (Montgomery), 440 (Mobile), 506 (Etowah), 508 (Calhoun), 542 (St. Clair), 549 and 550 (Walker and City of Jasper), 565 (Covington), 569 (Houston), 599 (Morgan), 612 (Russell), 674 (Lowndes and Town of White Hall), 692 (Limestone), 743 (Greene), and 744 (Macon).

39.  Amendment 555 to the Alabama Constitution was proposed by Act 94-611, p. 1126, was submitted at the November 8, 1994, general election, and was proclaimed ratified January 6, 1995.  Amendment 555 establishes procedures for legislative enactment of proposed constitutional amendments applicable to only one county and for the adoption of such local amendments as a valid part of the state constitution by a favorable vote of a majority of the qualified electors of the affected county who vote on the amendment.

40.  Amendment 555 was submitted for preclearance under § 5 of the Voting Rights Act, 42 U.S.C. § 1973c, and was precleared by the Attorney General of the

United States on September 23, 1994.  The preclearance letter expressly based the
decision to preclear on the removal of an earlier provision that would have given
the Governor and his colleagues on the Local Constitutional Amendment
Commission the power to veto any proposed local amendment the Legislature
passed.  Precleared Amendment 555 limits the power of said Commission to
"deciding whether the amendment affects more than one county or more than one
political subdivision in one or more counties."

41.  Pursuant to Amendment 555, Local Amendment 743, pertaining solely
to Greene County, was proposed by Act 2003-433, 2nd Sp. Sess., p. 1244, was
submitted at the November 4, 2003, election, was approved by a majority of the
qualified electors of Greene County who voted, and was proclaimed ratified June
11, 2004.  African Americans constitute 77% of the voting age population of
Greene County and 75% of the registered voters in Greene County.

42.  Amendment 743 was submitted for preclearance under § 5 of the Voting
Rights Act, 42 U.S.C. § 1973c, on October 3, 2003, and was precleared by the
Attorney General of the United States on October 29, 2003.

43.  Amendment 743 authorizes the operation of electronic bingo games in
Greene County and specifies that "[t]he sheriff [of Greene County] shall
promulgate rules and regulations for the licensing, permitting, and operation of

9

bingo games within the county. The sheriff shall insure compliance with such rules or regulations and all of the following [conditions set out in Amendment 743]."

44.  Pursuant to Amendment 743, the Sheriff of Greene County promulgated rules and regulations for bingo games that provide, in part:

**Section 12: Revocation of Licenses; Appeal**
The Sheriff, for good cause shown, may revoke any license issued pursuant hereto if the license holder or any officer, director, agent, employee or member of the license holder, or any Person acting in concert with such Persons, violates any of the Regulations herein promulgated. Such revocation by the Sheriff shall become effective ten (10) days after written notice of such revocation has been delivered by the Sheriff, or his authorized representative, to any person named in the license application pursuant to Section 4, subsections (4) and (5) hereunder.  A license holder may appeal the revocation to the Circuit Court of Greene County, Alabama and may request a trial by jury.  Pending appeal to the Circuit Court hereunder, the revoked license shall remain revoked until and unless the Circuit Court shall order the same reinstated and shall set a reasonable bond to assure complete compliance with all Regulations promulgated hereunder pending such appeal.

45.  Amendment 743 and the Sheriff's regulations promulgated pursuant to Amendment 743 have been in actual force and effect since December 2003.

46.  Pursuant to Amendment 555, Local Amendment 744, pertaining solely to Macon County, was proposed by Act 2003-124, p. 413, was submitted at the November 4, 2003, election, was approved by a majority of the qualified electors of Macon County who voted, and was proclaimed ratified June 11, 2004.  African Americans constitute 83% of the voting age population of Macon County and 67%

10

of the registered voters in Macon County.

47.  Amendment 744 was submitted for preclearance under § 5 of the Voting

Rights Act, 42 U.S.C. § 1973c, on October 3, 2003, and was precleared by the

Attorney General of the United States on October 29, 2003.

48.  Amendment 744 specifies that "[t]he sheriff [of Macon County] shall

promulgate rules and regulations for the licensing, permitting, and operation of

bingo games within the county. The sheriff shall insure compliance with such rules

or regulations and all of the following [conditions set out in Amendment 744]."

49.  Pursuant to Amendment 744, the Sheriff of Macon County promulgated

rules and regulations for electronic bingo games that provide, in part:

> **Section 12: Revocation of Licenses; Appeal**
> The Sheriff, for good cause shown, may revoke any license
> issued pursuant hereto if the license holder or any officer,
> director, agent, employee or member of the license holder, or
> any person acting in concert with such persons,violates any of
> the Regulations herein promulgated. Such revocation by the
> Sheriff shall become effective ten (10) days after written notice
> of such revocation has been delivered by the Sheriff, or his
> authorized representative, to any person named in the license
> application pursuant to Section 4, subsections (c) (4) and (c) (5)
> hereunder, or such other person as may be involved in the
> operation of bingo pursuant hereto, unless the license holder
> shall make a written request for a hearing as to such revocation
> to the Macon County Commission within said ten (10) day
> period. Upon such request for hearing, the Commission shall
> hold a hearing upon such revocation, subject to rules and
> regulations for the conduct of meetings and hearings before
> such Commission at its next regularly scheduled meeting or

special called meeting for the purpose of such hearing. Upon
such hearing the rendering of a decision adverse to the license
holder shall result in the immediate revocation of the subject
license. Following a hearing and rendition of an opinion by the
Commission upon revocation of a license issued hereunder,
either party to said hearing may appeal the same to the Circuit
Court of Macon County, Alabama and may request a trial by
jury. Pending appeal to the Circuit Court hereunder, the
revoked license shall remain revoked until and unless the
Circuit Court shall order the same reinstated and shall set a
reasonable bond to assure complete compliance with all Rules
and Regulations promulgated hereunder pending such appeal.

50.  Amendment 744 and the Sheriff's regulations promulgated pursuant to

Amendment 744 have been in actual force and effect since December 2003.

51.  Before 2009 challenges to the lawfulness of various electronic bingo

machines were prosecuted in judicial proceedings to determine whether particular

electronic devices and their operations complied with the applicable local

constitutional amendment.  Many of these judicial proceedings are summarized in

*Surles v. City of Ashville*, __ So.3d __ , 2010 WL 336689 (Jan. 29, 2010).

52.  On December 29, 2008, Governor Riley signed an executive order that

appointed a special prosecutor charged as follows:

the Special Prosecutor, pursuant to Section 12-17-216, Code of
Alabama 1975, shall have statewide jurisdiction and is hereby
authorized, with the support of the Task Force, to conduct
investigations, attend any regular, adjourned or special session of any
circuit court in any of the judicial circuits of Alabama for the
investigation of or the prosecution of any criminal case or the
prosecution or defense of any case related to gambling activity in the

State of Alabama.

53.  On January 25, 2010, Governor Riley amended Executive Order 44 to

appoint a special prosecutor and assistant special prosecutors as follows:

> BE IT FURTHER ORDERED that in addition to or in lieu of any
> other appointments authorized or contemplated by Executive Order
> Number 44 or under applicable law, and pursuant to Section
> 12-17-184(10), Code of Alabama 1975, the Governor may appoint
> and authorize any district attorneys and any assistant district attorneys
> in the State of Alabama to serve as Special Prosecutor or Assistant
> Special Prosecutors and, as such, "[t]o go to any place in the State of
> Alabama and prosecute any case or cases, or work with any grand
> jury, . . . and to attend sessions of courts and transact all of the duties
> of the district attorney in the courts" with respect to any investigations
> or cases relating to gambling activity in the State of Alabama.

54.  Pursuant to the amended Executive Order 44, Governor Riley has

appointed defendant Tyson, the District Attorney for Mobile County, as Special

Prosecutor and lawyers in Mobile and Madison Counties as assistant Special

Prosecutors.

55.  Exercising the authority purportedly given him by Executive Order 44

and its amendment, defendant Tyson (a.k.a. "Task Force Commander") has

conducted non-judicial, warrantless police raids against bingo operations in Macon

and Greene Counties, claiming to be exercising the purported law enforcement

authority of defendant Governor Riley.

56.  Defendants have raided bingo facilities without obtaining judicial

13

warrants only in Macon and Greene Counties.

57.  Only the Greene County and Macon County local constitutional amendments designate the sheriff to the be regulator and enforcer of the provisions authorizing bingo operations.

58.  When their police raids were challenged in state court proceedings, defendants Riley and Tyson alleged that their law enforcement authority is provided by the 1901 Constitution of Alabama, Art. V, §§ 113 and 120, and Code of Alabama §§ 12-17-216,  12-17-184(10),  36-13-2, and 41-15B-2(i), all of which have been superseded, with respect to Greene and Macon Counties, by Amendments 743 and 744 to the Alabama Constitution.

59.  The Alabama Supreme Court nevertheless has ruled that defendants Riley and Tyson are entitled to exercise the law enforcement authority they claim and has enjoined the circuit courts of Alabama from interfering with the police raids carried out by defendants. *Barber v. Cornerstone Community Outreach, Inc.*, --- So.3d ----, 2009 WL 3805712 (Ala., Nov. 13, 2009); *Tyson v. Macon County Greyhound Park*, --- So.3d ----, 2010 WL 415271 (Ala., Feb. 4, 2010); *Ex parte State*, --- So.3d ----, 2010 WL 2034825 (Ala., May 21, 2010); *Alabama v. 825 Electronic Gambling Devices*, Nos. 1091316 and 1091317, 1091340 and 1091342 (Ala., June 28, June 30, and July 1, 2010) (copies of which are attached hereto as

Exhibits A, B, and C).

60.  Defendants Riley and Tyson have requested and have obtained an order from the Alabama Supreme Court staying the judicial forfeiture proceeding instituted by Greene County's District Attorney at the request of the Sheriff of Greene County.  See Exhibit C.

61.  By shutting down the bingo operations in Greene and Macon Counties, defendants have caused, and are continuing to cause, grievous and irreparable harm to the citizens of those counties.

### Count One
### Violation of § 5 of the Voting Rights Act

62.  Paragraphs 1-61 above are realleged as if set out fully herein.

63.  Alabama is a jurisdiction covered by § 4 of the Voting Rights Act, 42 U.S.C. § 1973b.

64.  The executive orders, police raids and law enforcement actions of defendants complained of herein have both the purpose and effect of denying and abridging the right to vote and the electoral powers of the qualified voters of Greene and Macon Counties, who approved Amendments 743 and 744, and thus they are standards, practices, and procedures affecting voting within the meaning of § 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

65.  Defendants have bypassed, have refused to comply with, and have

overridden the bingo authorizations and law enforcement provisions set out in Amendments 743 and 744, thereby effectively nullifying the votes cast by the qualified electors of Greene and Macon Counties in approving said constitutional amendments.  In so doing, defendant Governor Riley has effectively exercised veto power over Amendments 743 and 744 that is prohibited by Amendment 555 and was the basis for denying § 5 preclearance to an earlier proposed version of Amendment 555.

66.  By appointing defendant Tyson to enforce the provisions set out in Amendments 743 and 744, defendant Riley has implemented a *de facto* replacement of the sheriffs constitutionally designated and elected by the voters of Greene and Macon Counties with an official appointed by the Governor.

67.  Amendments 743 and 744 to the Alabama Constitution and the regulations promulgated by the Sheriffs of Greene and Macon Counties pursuant to said amendments remain in full force and effect.  They have never been invalidated by the Alabama Supreme Court.  The Alabama Supreme Court has enjoined the District Attorney for Greene County, acting at the request of the Sheriff of Greene County, from proceeding with an orderly judicial enforcement of Amendment 743 and from interfering with the law enforcement authority claimed by defendants Riley and Tyson.  See Exhibit C.

16

68.  Defendant Riley's Executive Order 44 as amended and as applied, his effective veto of the constitutional authority of the voters in Greene and Macon Counties, his *de facto* replacement of the elected Sheriffs of Greene and Macon Counties with defendant Tyson, and the rulings by the Alabama Supreme Court upholding defendants' law enforcement actions constitute changes in policy and practice affecting the right to vote of plaintiffs and the class they seek to represent.

69.  The executive orders and their implementation complained of herein have not been submitted for preclearance and have not received preclearance under § 5 of the Voting Rights Act either from the Attorney General of the United States or from the U.S. District Court for the District of Columbia.

70.  Defendants Riley and Tyson are implementing unprecleared policies and practices affecting voting in violation of plaintiffs' rights and the rights of the class they seek to represent protected by § 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

**Count Two**
**Violation of § 2 of the Voting Rights Act Results Standard**

71.  Paragraphs 1-70 above are realleged as if set out fully herein.

72.  African Americans constitute 77% of the voting age population and 75% of the registered voters in Greene County and 83% of the voting age population and 67% of the registered voters in Macon County.

73.  African Americans constitute 26% of the total population and 25.5% of the registered voters in the State of Alabama.

74.  Defendants' actions complained of herein are standards, practices, and procedures that have resulted in the denial of plaintiffs' right to vote and the right to vote of African-American members of the class they seek to represent in violation of § 2 of the Voting Rights Act, 42 U.S.C. § 1973.

75.  Defendants' actions complained of herein are standards, practices, and procedures that result in the abridgement or dilution of plaintiffs' right to vote and the right to vote of African-American members of the class they seek to represent in violation of § 2 of the Voting Rights Act, 42 U.S.C. § 1973.

## Count Three
## Purposeful Discrimination

76.  Paragraphs 1-75 above are realleged as if set out fully herein.

77.  The State of Alabama has a long history of utilizing the state constitution and the power of central state government to deny African Americans in Black Belt counties such as Greene and Macon Counties the ability to govern themselves and to make and to enforce laws of their choice.  E.g., see *Dillard v. Crenshaw County*, 640 F.Supp. 1347, 1358 (M.D. Ala. 1986); *Knight v. Alabama*, 458 F.Supp.2d 1273, 1284-85 (N.D. Ala. 2004), *aff'd*, 476 F.3d 1219 (11th Cir.), *cert. denied*, 127 S.Ct. 3014 (2007); *Gomillion v. Lightfoot*, 364 U.S. 339, 167 F.

SUPP. 405, 270 F.2D 594 (1960).  MALCOLM MCMILLAN, CONSTITUTIONAL

DEVELOPMENT IN ALABAMA, 1798-1901 222 and n. 29 (1978).

78.  The actions of defendants Riley and Tyson complained of herein

perpetuate the aforesaid historical discrimination against African Americans and

have both the racially discriminatory purpose and effect of denying plaintiffs and

African-American members of the class they seek to represent the ability to choose

by constitutional amendment the laws and means of their enforcement in their own

counties, in violation of § 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the

Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution of the

United States.

79.  Defendants have acted in callous disregard of Alabama's long history of

discriminatorily denying African Americans the ability to exercise home rule in

their respective counties, in violation of § 2 of the Voting Rights Act, 42 U.S.C. §

1973, and the Thirteenth, Fourteenth, and Fifteenth Amendments to the

Constitution of the United States.

## Count Four
## Violation of the Ku Klux Klan Act

80.  Paragraphs 1-79 above are realleged as if set out fully herein.

81.  Plaintiffs allege, on information and belief, that the only previous time a

Governor of Alabama has used an executive order authorizing state troopers to

bypass local authorities and to conduct armed raids in that county is described in

*United States v. Wallace*, 222 F.Supp. 485, 486 (M.D. Ala. 1963):

> The policy of the defendant George C. Wallace, as Governor of the State of Alabama, has been and is to prevent Negro children from attending the same public schools in Alabama attended by white children.
>
> Pursuant to said policy, the defendant George C. Wallace issued on September 2, 1963, an Executive Order. In said order the defendant George C. Wallace purported to order and direct the Macon County Board of Education to delay the opening of Tuskegee High School for a period of one week, until Monday, September 9, 1963.
>
> On September 2, 1963, at about 6 a.m., the defendant George C. Wallace caused to be served on members of the Macon County Board of Education and on the Superintendent of Schools of Macon County, the aforesaid Executive Order.
>
> Immediately thereafter, at the direction of the defendant George C. Wallace, the defendants Albert J. Lingo, Joe Smelley, Walter L. Allen and Claude Sutton Prier, together with approximately 108 State Highway Troopers of the Highway Patrol Division of the Department of Public Safety of the State of Alabama, surrounded Tuskegee High School and physically prevented and obstructed all students from entering the school building for the opening of school at 7:55 a.m. that day.

82.  Defendants Riley and Tyson have implemented, and are threatening

further to implement, Executive Order 44 and amended Executive Order 44 for the

purpose of threatening and intimidating plaintiffs and African-American members

of the class they seek to represent, and for the racially discriminatory purpose of

usurping or bypassing the law enforcement provisions constitutionally approved by

plaintiffs and the class they seek to represent, in violation of the Ku Klux Klan Act,

42 U.S.C. § 1985(3), which makes it unlawful for "two or more persons in any State or Territory [to] conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws. . . ."

**Prayer for Relief**

WHEREFORE, plaintiffs respectfully pray that this Court will grant them the following relief:

A. Enter a preliminary injunction enjoining defendants Riley and Tyson and those acting in concert with them or at their direction:

(1) from implementing Executive Order 44 and amended Executive Order 44 and from conducting police raids complained of herein in Greene and Macon Counties until they have been submitted and precleared under § 5 of the Voting Rights Act, 42 U.S.C. § 1973c; and

(2) granting such other and further equitable relief as may be necessary to restore the status quo ante with respect to the personal and property rights in Greene and Macon Counties violated by the unlawful implementation of Executive Order 44 and amended Executive Order 44 and the police raids complained of herein.

B. Request the Chief Judge of the Court of Appeals for the Eleventh Circuit

21

to convene a three-judge court to hear and decide Count One of this complaint.

C.  Following a hearing before the three-judge Court,

(1) enter a declaratory judgment that Executive Order 44 and amended Executive Order 44 and the police raids in Greene and Macon Counties complained of herein constitute changes in standards, practices, and procedures affecting voting that may not be implemented without preclearance under § 5 of the Voting Rights Act, 42 U.S.C. § 1973c;

(2) enter preliminary and permanent injunctions prohibiting defendants Riley and Tyson and those acting in concert with them or at their direction from implementing Executive Order 44 and amended Executive Order 44 and from conducting police raids in Greene and Macon Counties complained of herein until they have been submitted and precleared under § 5 of the Voting Rights Act, 42 U.S.C. § 1973c; and

(3) grant such other and further equitable relief as may be necessary to restore the personal and property rights in Greene and Macon Counties violated by the unlawful implementation of Executive Order 44 and amended Executive Order 44 and the police raids complained of herein.

D.  Alternatively, and solely in the event that the relief requested in paragraph C. supra is not granted by the three-judge Court, plaintiffs pray that the

single-judge Court will schedule a prompt hearing on the claims set out in Counts Two, Three, and Four, and, following said hearing, that it will:

(1) enter a declaratory judgment that the actions of defendants Riley and Tyson, in both their official and individual capacities, complained of herein violate the rights of plaintiffs and African-American members of the class they seek to represent protected by § 2 of the Voting Rights Act, 42 U.S.C. § 1973; the Ku Klux Klan Act, 42 U.S.C. § 1985; and the Thirteenth, Fourteenth, and Fifteenth Amendments;

(2) enjoin defendants Riley and Tyson from implementing Executive Order 44 and amended Executive Order 44 and from conducting further police raids on bingo operations in Greene and Macon Counties;

(3) grant such other and further equitable relief as may be necessary to restore the personal and property rights violated by the unlawful implementation of Executive Order 44 and amended Executive Order 44.

E.  Award plaintiffs their costs incurred in prosecuting this action, including an award of attorneys' fees and expenses, pursuant to 42 U.S.C. §§ 1973l and 1988.

s/Edward Still
Bar No. ASB-4786-I 47W
2112 11th Avenue South
Suite 541
Birmingham, AL 35205
          205-320-2882
          fax 205-449-9752
E-mail: still@votelaw.com

James U. Blacksher
Bar No. ASB-2381-S82J
P.O. Box 636
Birmingham AL 35201
          205-591-7238
          Fax: 866-845-4395
E-mail: jblacksher@ns.sympatico.ca

Fred D. Gray
Bar No. ASB-1727-R63F
Gray, Langford, Sapp, McGowan,
Gray & Nathanson
P. O. Box 830239
Tuskegee , AL 36083-0239
          334-727-4830
          Fax: 334-727-5877
E-mail: fgray@glsmgn.com

Attorneys for plaintiffs

24